**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

DONALD PIERCE                                    CIVIL ACTION

VERSUS                                           NO. 19-138

SYSTEMS GROUP                                    SECTION "B"(5)

<u>ORDER AND REASONS</u>

Defendant The Systems Group filed a motion to strike Plaintiff Donald Pierce's signed declarations. Rec. Doc. 56 at 1. Defendant requests this motion to strike because the signed declarations add testimony to the original unsigned declarations. Rec. Doc. 56 at 3. Additionally, defendant moves to strike Carday Hayes's signed declaration if it differs from his original unsigned declaration. *Id.* Alternatively, defendant moves to strike from the record any additional testimony added to the signed declarations. *Id.* Plaintiff timely filed a response in opposition. Rec. Doc. 62. For the reasons discussed below,

**IT IS ORDERED** that Defendant's motion to strike is **DENIED.**

<u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

This case arises out of Donald Pierce's employment with The Systems Group.[1] On June 6, 2018, The Systems Group fired Donald Pierce. Rec. Doc. 50. According to the record, plaintiff used his phone during work on June 4, 2018. Rec. Doc. 1. On June 5, 2018,

---

[1] Plaintiff worked as a maintenance combo welder. He also performed general labor for The Systems Group. He started working at The Systems Group around March/April 2018. Rec. Doc. 1.

plaintiff, who is African American, attended a morning safety meeting wherein he complained that he was written up for using his phone at work while white welders and fitters were allowed to use their phones during work hours. *Id.* Plaintiff maintains that he was fired in retaliation for complaining about racially discriminatory discipline with respect to phone use. *Id.*

After plaintiff was fired, he filed suit on January 8, 2019 against defendant alleging a racially discriminatory wage claim and a retaliatory discharge claim.[2] Rec. Doc. 1. Defendant filed an answer on September 10, 2019.[3] Rec. Doc. 16. On October 3, 2019, a scheduling conference was held, and it was established that all case-dispositive pre-trial motions, along with motions in limine regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than May 13, 2020. Rec. Doc. 19. All other motions in limine shall be filed no later than June 8, 2020. *Id.*

Defendant filed a motion for summary judgment on April 28, 2020. Rec. Doc. 30. On April 30, 2020, plaintiff filed a motion to continue the submission date for summary judgment in order to interview former employees who had attended the morning safety meeting. Rec. Doc. 31. This court granted plaintiff's motion on May 22, 2020 and continued the submission date for summary judgment

---

[2] Plaintiff is not raising an age discrimination claim.
[3] Plaintiff was granted three motions for extension of time to effect Waiver of Service. Rec. Doc 9, 11 and 13.

until June 24, 2020. Rec. Doc. 41. Plaintiff had until June 16, 2020 to file his opposition in response to defendant's motion to continue. Rec. Doc. 41, 45.

On May 28, 2020, plaintiff filed another motion to continue the pending motion for summary judgment. Rec. Doc. 47. On June 11, 2020, plaintiff filed an opposition to defendant's motion for summary judgment and two unsigned declarations. Rec. Doc. 50. One of the declarations was from plaintiff, Donald Pierce, and the other declaration was from Carday Hayes, who was a fellow maintenance worker for defendant. *Id*. Plaintiff stated that he would tender the signed declarations shortly. *Id.*

This court dismissed plaintiff's motion to continue on June 18, 2020 but allowed plaintiff until June 24, 2020 to file the signed declarations. Rec. Doc. 53. On June 19, 2020, plaintiff filed the signed declaration by Donald Pierce, and on June 23, 2020, plaintiff filed the signed declaration by Carday Hayes. Rec. Doc. 54, 57.

Defendant filed a motion to strike the newly signed declarations on June 22, 2020. Rec. Doc. 56. Defendant requested that this court either strike the signed declarations or, in the alternative, strike the testimony added to the signed declarations. *Id.* at 3. On June 25, 2020, plaintiff filed an opposition to the motion to strike the declarations. Rec. Doc. 62.

Plaintiff contends that this court should deny the motion to strike because the motion lacks particularity. *Id.*

## LAW AND FINDINGS

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P.12(f). Courts have "considerable discretion in ruling on a Motion to Strike." *Garcel, Inc. v. Hibernia Nat. Bank*, 2002 WL 356307, at *3 (E.D.La. March 5, 2002) (citing *FDIC v. Niblo*, 821 F. Supp. 441, 449 (N.D. Tex. 1993)). Furthermore, courts should sparingly use motions to strike. *Stipe v. Tregre*, 2015 WL 5012375, at *2 (E.D.La. Aug. 19, 2015) (citing *Augustus v. Bd. Of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)). A motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice and should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* Additionally, "[t]he court will not decide a disputed question of fact on a motion to strike." *Id.*

The court may strike redundant matter when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Stipe*, 2015 WL 5012375, at *3 (citing *Marceaux v. Lafayette Consol. Gov't*, No. 12-CV-01532, 2012 WL 5197667, at *2 (W.D.La. Oct. 18, 2012)). "Redundant matter consist of allegations that constitute

a needless repetition of other averments in the pleading." *Id.* (citing *Marceaux*, 2012 WL 5197667, at *1).

The court may also strike immaterial or impertinent matter. *See* Fed.R.Civ.P.12(f). "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Stipe*, 2015 WL 5012375, at *4 (citing *Marceaux*, 2012 WL 5197667, at *1). "Immateriality is established by showing that the challenged allegation 'can have no possible bearing upon subject matter of the litigation.'" *Harris v. USA Ins. Companies*, 2011 WL 3841869 at *1, (E.D.La. Aug. 30, 2011) (citing *Bayou Fleet P'ship, LLC v. St. Charles Parish*, 2011 WL 2680686 at *5 (E.D.La. Jul. 8, 2011). A court will strike allegations as irrelevant if "(1) there is no possible relation between the challenged portion of the pleading and the underlying controversy, and (2) the challenged portion of the pleading may prejudice the moving party." *Stipe*, 2015 WL 5012375, at *4 (citing *Romero v. U.S. Unwired, Inc.*, No. 04-CV-2312, 2010 WL 672082, at *1 (E.D.La. Feb. 19, 2010).

Last, the court may strike scandalous matters. *See* Fed.R.Civ.P.12(f). "Scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action." *Stipe*, 2015 WL 5012375, at *5 (citing *Marceaux*, 2012 WL 5197667, at *1). The purpose of striking scandalous matter "is aimed, in part, at avoiding prejudice to a party by preventing a

jury from seeing the offensive matter or giving the allegations any other unnecessary notoriety inasmuch as, once filed, pleading generally are public documents and become generally available." *Id.*

In this case, defendant moves to strike the signed declarations or the new evidence contained in the signed declarations. The new evidence in dispute consists of a single sentence in Donald Pierce's declaration. The sentence states that plaintiff "did not yell or curse." Rec. Doc. 54 at 1. This sentence and the declarations are directly related to the plaintiff's claim.

Defendant contends that the newly signed declarations are prejudicial because it did not have the opportunity to address the new evidence contained in the signed declarations. Rec. Doc. 56 at 3. However, defendant neglects to state whether this new evidence is redundant, immaterial, impertinent, or scandalous. Because this sentence is neither redundant, immaterial, impertinent, nor scandalous, the court will not strike the new evidence in plaintiff's declaration. Lastly, Carday Hayes's signed declaration did not include any new evidence. Rec. Doc. 50 at 3; Rec Doc. 57 at 3.

New Orleans, Louisiana this 1st day of October, 2020

_____

SENIOR UNITED STATES DISTRICT JUDGE